**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Jay ELSOFFER, Defendant-Appellant.**

**No. 80–7236**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.
Unit B

April 27, 1981.

---

Bruce E. Pashley, Atlanta, Ga., for defendant-appellant.

Richard B. Russell, Richard W. Hendrix, Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Defendant John Jay Elsoffer was found guilty of knowingly possessing with intent to distribute approximately three hundred grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). The defendant, who was apprehended at Atlanta's Hartsfield Airport by Drug Enforcement Administration Agents Terry Mathewson, Gerald Chapman, and Paul Markonni, moved to suppress the evidence pursuant to 28 U.S.C. § 636(b), and an evidentiary hearing was held on the motion on November 1, 1979, before a United States Magistrate. On December 21, 1979, the magistrate filed his report and recommendation with the district court recommending that the defendant's motion be denied, and on February 1, 1980, the magistrate's report was adopted as the opinion and order of the district court. Defendant Elsoffer then waived a jury trial and was found guilty by the court based upon a stipulation of facts. From this conviction, Elsoffer now appeals. We retain jurisdiction of the appeal and remand.

■ The sole issue which we consider on appeal, is whether the record must reflect with certainty that a trial judge actually read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation. We hold that it must.

■ In the Fifth Circuit, it is now settled that a defendant's due process rights are not violated when a district judge refers a motion to suppress to a magistrate, reviews the record of the hearing before the magistrate, and adopts the magistrate's recommendations. In *United States v. Marshall*, 609 F.2d 152 (5th Cir. 1980), this court considered the question of whether a district court had erred in denying a motion to suppress after a magistrate had conducted a hearing and recommended granting the motion, without consulting the transcript of the hearing. Judge Hill, writing for this court, concluded:

> In this circuit a district judge who reviews the record of the hearing before the magistrate and adopts the magistrate's recommendations need not conduct a new hearing....
>
> [Nevertheless,] the district judge err[s] in rejecting the recommendation of the magistrate without *at least* consulting the transcript of the hearing before the magistrate.

*Id.* at 155.

Without reaching the merits of the constitutional issues raised by appellant regarding an alleged illegal search and use of the "Drug Courier Profile," we are disturbed by the uncertainty reflected in the record as to whether the trial court actually read the transcript of the hearing before the magistrate.

In *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), one of the earliest Supreme Court cases interpreting § 636(b) of the United States Magistrates Act, 28 U.S.C. §§ 631–639, the Supreme Court discussed the abuses which could arise under a system of referral to judges not appointed pursuant to Article III of the Constitution. The committee reports indicated that Congress had considered and dealt with the problem in two ways, first by limiting referral to cases "not inconsistent with the Constitution," and second by limiting the magistrate's authority in cases referred pursuant to § 636(b). During one of the hearings Senator Tydings testified, "[a] district judge would retain ultimate responsibility for decision making in every instance in which a magistrate might exercise

additional duties jurisdiction." (House Hearing 573). From these discussions, the Supreme Court concluded:

The magistrate may do no more than propose a recommendation, and neither § 636(b) nor the General Order gives such recommendation presumptive weight.... The authority—and the responsibility—to make an informed, final determination, we emphasize, remains with the judge.

*Mathews v. Weber*, 423 U.S. at 270–71, 96 S.Ct. at 554.

In the instant case, we have considered the record on appeal in light of *Mathews*, and are left with uncertainty as to whether the district court read the transcript of the hearing on the motion to suppress. The constitutional safeguards, as established by Congress and interpreted by the courts, are such that an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations.

In the instant case, the trial court's order denying the motion to suppress nowhere states that a reading of the transcript informed its decision.[1] More to the point is a conversation which occurred between defense counsel and the district court during a February 4, 1980, proceeding in which the parties stipulated facts. Although the hearing on the motion to suppress was held November 1, 1979, and docketed December 21, 1979, the following dialogue occurred:

THE COURT:

Well, what we better do, then—has the record of the magistrate been typed anyway, hasn't it?

DEFENSE COUNSEL:

Yes, it has, Your Honor.[2]

Appellant now argues that this conversation suggests that the trial court failed to consider the transcript of the hearing before the magistrate, and therefore the trial court unconstitutionally relied upon the magistrate's findings and recommendation. While we cannot agree that the conversation is dispositive of the factual question as to whether the transcript was properly considered, we do agree that the remarks are sufficiently ambiguous to cause us to remand in order to be certain that the testimony was considered.

The authority to grant or deny a motion to suppress must be retained by a judge appointed pursuant to Article III of the Constitution. As the Supreme Court in *Mathews* put it, "the magistrate acts 'under the supervision of the district judges' when he accepts a referral, and that authority for making final decisions remains at all times with the district judge."[3] When the record does not disclose that the judge exercised that supervision and authority, adherence to the rule laid down in *Mathews* is an open question which must be resolved.

We retain jurisdiction of the appeal and remand to the district court for the limited purpose of considering defendant's motion to suppress and advising this court within thirty days, if possible, the ruling on the motion.

REMANDED.

---

1. Record, vol. I, at 130 reads:

 After having carefully reviewed the Magistrate's Report and Recommendation on Motion to Suppress in this case, it is received with approval and adopted as the opinion and order of the Court.

2. Record, vol. III, at 330.

3. *Mathews v. Weber*, 423 U.S. at 270, 96 S.Ct. at 554 (1976).