803 F.2d 1181
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald L. SUTPHIN, Appellant,
v.
Robert M. LANDON, Director, Department of Corrections,
Olivia J. Garland; A.W. Woolfry; Larry Huffman;
E. Bowles, Appellees.
 No. 86-7098.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 17, 1986.
Decided Oct. 21, 1986.
 
 Ronald L. Sutphin, appellant pro se.
 Eric Karl Gould Fiske, Assistant Attorney General, for appellees.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before SPROUSE, ERVIN and WILKINSON Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Lloyd Sutphin, a Virginia inmate, brought this action challenging the conditions of his confinement at Staunton Correctional Center pursuant to 42 U.S.C. Sec. 1983. Specifically, he alleges that:
 
 
 2
 (a) his living quarters are a fire hazard with insufficient safety measures available to protect inmates' lives;
 
 
 3
 (b) he is denied proper medical care generally and specifically in that professional care is unavailable after 4:00 p.m. daily, on weekends, and holidays; proper medication is denied; private medical personnel are denied access to prisoners; and psychologists or psychiatrists prescribe controlled and behavioral modification drugs;
 
 
 4
 (c) his living quarters are old, insect infested, and have inadequate heat, unsanitary toilets, insufficient numbers of toilets and showers, and a leaky roof;
 
 
 5
 (d) defendants have failed to implement a proper grievance procedure, and have failed to provide "the guidance of fixed standards and rules throughout the penal system;
 
 
 6
 (e) Inmates are subjected to punitive segregation or transfer for disobeying direct orders;"
 
 
 7
 (f) he is housed with "mentally unbalanced and/or incorrigible prisoners;"
 
 
 8
 (g) he is subjected to overcrowded and understaffed conditions;
 
 
 9
 (h) he is subjected to a confinement which leads to racial unrest, tension, confrontation, and violence;
 
 
 10
 (i) Defendants unduly restrict inmate visitation, mail privileges, and telephone communication;
 
 
 11
 (j) Defendants have failed to provide adequate rehabilitative programs for inmates.
 
 
 12
 The defendants filed a motion for summary judgment which the district court granted on claims d-j. The remaining three claims were referred to a magistrate for a hearing pursuant to 28 U.S.C. Sec. 636(b)(1)(B). Following the hearing the magistrate filed a report summarizing the evidence presented at the hearing and recommending that judgment be entered for the defendants. Sutphin filed lengthy objections to the magistrate's report. Subsequently, the district court reviewed Sutphin's objections and adopted the magistrate's recommendation. Sutphin appeals to this Court.
 
 
 13
 Initially, we find the district court properly granted summary judgment on claims d-j and we adopt its reasoning on those claims. Sutphin v. Landon, C/A No. 84-0120(H) (W.D.Va., July 31, 1985).
 
 
 14
 The disposition of claims a-c, however, raises a procedural problem. In his objections to the magistrate's report Sutphin partially contradicts and questions the facts as summarized by the magistrate, but, more importantly, he disputes the weight the magistrate placed on the evidence and disagrees with the ultimate result reached by the magistrate. Sutphin also tried to present facts not before the magistrate. The claims before the magistrate turned primarily on factual issues and therefore, the magistrate's ultimate factual finding that Sutphin's constitutional rights had not been violated must be supported by evidence in the record. Sutphin's allegations in his objections that the evidence at the hearing did not support the magistrate's conclusion are, in a case like this which is factual in nature, specific objections to the magistrate's findings.[1] The district court's order adopting the magistrate's report, however, indicates affirmatively that the district judge did not make a de novo review of the evidence presented at the hearing by reviewing a transcript or a tape of the hearing but rather relied on the magistrate's summary of the evidence as set forth in the report and recommendation, Sutphin's objections, and the file and record.[2]
 
 
 15
 Although sometimes a de novo review of the evidence may be unnecessary when a party fails to file specific objections to proposed factual findings, a review is necessary when specific objections have been filed, as in this case. Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir.1982). This case was not one in which de novo review by the district court was waived or unnecessary. Nor could the district court rely solely on the magistrate's summary of the evidence since "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985) (quoting United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir.1981)). This is particularly true when that testimony forms the basis for the magistrate's recommendation.
 
 
 16
 A proper ruling on Sutphin's objections required a de novo determination by the district court. Failure to have a transcript prepared or to listen to a tape of the hearing in this case was reversible error. Wimmer, supra, at 76; Orpiano, supra, at 48. We remand for a de novo review of the factual objections raised by Sutphin by either listening to a tape of the hearing or reviewing a prepared transcript.
 
 
 17
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The judgment of the district court is affirmed in part and vacated and remanded in part, and the case is remanded for further proceedings.
 
 
 18
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 [1]
 We note the district court did not find that Sutphin's objections were merely general in nature. Additionally, the fact Sutphin was acting pro se should have encouraged the district court to give his objections a broad reading. Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir.1982)
 
 
 [2]
 The district court wrote:
 In plaintiff's statement, he points out facts brought out in the hearing which were not emphasized by the Magistrate and questions the Magistrate's decision on the facts. Plaintiff further seeks to present to the court additional facts and exhibits in support of his claim. The thrust of plaintiff's objections is not to contradict the facts as presented by the Magistrate, but it is to present further facts, question the weight the Magistrate placed on the evidence, and to disagree with the Magistrate's ultimate decision. After a thorough review of the entire file and record, including the report and recommendation and all of plaintiff's objections, the court finds that, even accepting plaintiff's evidence, he is not entitled to relief. Accordingly, it is unnecessary to review the evidence presented at the hearing de novo.