836 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph Francis ALEXANDER, Jr., Plaintiff-Appellant,
v.
James PEGUESE, Sgt., CO II, S. Parker, Correctional Officer,
CO I, M. Ayers, Correctional Officer, CO I, Correctional
Officer Hammon, CO I, William Anderson, CO I, Correctional
Officer Lucas, CO I, Defendant-Appellees.
 No. 86-7319.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1987.
Decided Dec. 17, 1987.
 
 Ralph Francis Alexander, Jr., appellant pro se.
 Rex Charles Schultz, Assistant Attorney General, for apellees.
 Before K.K. HALL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ralph Francis Alexander, Jr., a Maryland inmate, brought this action pursuant to 42 U.S.C. Sec. 1983 alleging the defendant prison officers unjustifiably assaulted him or participated in such an assault against him. See King v. Blankenship, 636 F.2d 70 (4th Cir. 1980).
 
 
 2
 The case was referred to a magistrate for an evidentiary hearing. Following the hearing the magistrate submitted a memorandum report and recommendations; this report included a summary of the evidence presented at the hearing. The magistrate in his report concluded that Alexander had not proved that a beating had occurred as alleged and further found that Alexander's injuries were the product of a reasonable use of force at Alexander's cell earlier in the day of the alleged assault. The report recommended entering judgment for the defendants.
 
 
 3
 Alexander filed timely objections to the magistrate's findings and recommendations. The district court adopted the magistrate's report and entered judgment for the defendants. Alexander appealed.
 
 
 4
 In his objections Alexander challenged the magistrate's recommendation. Although some of his objections may have been general and directed to legal questions, others specifically disputed the magistrate's findings as to credibility of witnesses and called into question the magistrate's conclusions. The magistrate recognized this case turned primarily on determinations of credibility but found that Alexander and his witnesses lacked credibility. Consequently, the magistrate relied primarily on the defendants' testimony in rendering his factual findings.
 
 
 5
 The district court's order adopting the magistrate's report indicates the district judge considered the magistrate's report and recommendation and reviewed the "record" and Alexander's objections to the report and recommendation. Although a de novo review of the evidence may be unnecessary when a party fails to file specific objections to proposed factual findings, a review is necessary when specific objections have been filed, as in this case. Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982).
 
 
 6
 We are troubled by one part of the district court's order. That is, the order does not indicate whether the district court made a de novo review of the evidence presented at the hearing by reviewing a transcript or a tape of the hearing. The district court could not rely solely on the magistrate's summary of the evidence since "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985) (quoting United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir. 1981)).
 
 
 7
 Our review of a district court's de novo review process is perhaps most critical when the district court must review a magistrate's credibility determinations which a party specifically challenges. This case is one in which the magistrate's recommendation rested almost exclusively on credibility determinations. If the district court's review of the "record before the Court" did not include listening to a tape or reading a transcript of the hearing, it had no basis for determining the credibility of the witnesses and thus no basis for adopting the magistrate's recommendation.
 
 
 8
 The record before us does not include a tape recording of the evidentiary hearing, so we cannot conclude that the tape recording was before the district judge. There is a transcript of the evidentiary hearing in the record, but because this transcript was not filed until 18 December 1986--almost three months after the district court entered judgment--we must conclude that the district court did not conduct his de novo review from the transcript prior to judgment.
 
 
 9
 A proper ruling on Alexander's objections required a de novo determination by the district court. Failure to review the transcript or listen to a tape of the hearing in this case would be reversible error. Wimmer, supra, at 76; Orpiano, supra, at 48. We therefore, remand this case. If the district court did undertake a de novo review of the factual objections raised by Alexander by listening to a tape of the hearing, then it should amend its order to reflect that fact. If it did not, then it should conduct a de novo review of Alexander's objections by either listening to the tape, if available, or by reviewing the prepared transcript.
 
 
 10
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The judgment of the district court is vacated and the case is remanded for further proceedings.
 
 
 11
 VACATED AND REMANDED.