861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald Davis FULLER, Petitioner-Appellant,
v.
WARDEN, Maryland Penitentiary, Respondent-Appellee.
 No. 88-7577.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1988.
Decided Sept. 29, 1988.
 
 Gerald Davis Fuller, appellant pro se.
 Ronald Mark Levitan, Office of Attorney General of Maryland, for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gerald Davis Fuller, a Maryland inmate, seeks to appeal the judgment of the district court dismissing his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. Because the record does not establish that the district court conducted de novo review of Fuller's objections to the magistrate's report, we remand for further proceedings.
 
 
 2
 In his petition Fuller challenged his 1979 rape and robbery convictions on the following grounds: (1) he received ineffective assistance of counsel; (2) his guilty pleas were not intelligently and voluntarily made; (3) he was denied a preliminary hearing; (4) he was denied a speedy trial; (5) he was denied assistance of counsel at critical pre-trial stages; and (6) the photo identification procedures used by the police were unduly suggestive.
 
 
 3
 Fuller's petition was referred to a United States Magistrate for an evidentiary hearing. The hearing was held on September 29 and 30, 1987, at which Fuller was represented by appointed counsel. On January 13, 1988, the magistrate filed a report containing her findings of fact and conclusions of law and her recommendation that the petition be dismissed with prejudice.
 
 
 4
 Fuller, by counsel, filed timely objections to the magistrate's report. In his objections Fuller disputed the findings of fact made by the magistrate, particularly as they related to the ineffective assistance of counsel and voluntariness claims.
 
 
 5
 The district court adopted the magistrate's report by order entered February 4, 1988, and denied the petition with prejudice. The court noted that the magistrate's report was read and considered, "along with the record before the Court having been reviewed along with petitioner's pre-hearing and post-hearing memoranda." On February 8, 1988, Fuller filed a motion for preparation of a transcript of the evidentiary hearing. This motion was granted by order entered February 10, 1988. The transcript of the hearing was filed on March 23, 1988.
 
 
 6
 The district court's order adopting the magistrate's report does not indicate whether the district court made a de novo review of the issues raised by Fuller's objections by reviewing a transcript or a tape of the evidentiary hearing. The district court could not rely solely on the magistrate's summary of the evidence since "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985) (quoting United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir.1981)).
 
 
 7
 Our review of a district court's de novo review process is perhaps most critical when the district court must review a magistrate's credibility determinations which a party specifically challenges. In this case the magistrate's recommendation rested, in part, on credibility determinations. If the district court's review of "the record" did not include listening to a tape or reading a transcript of the hearing, it had no basis for determining the credibility of the witnesses and thus no basis for adopting the magistrate's recommendation.
 
 
 8
 The record before us does not include a tape recording of the evidentiary hearing, so we cannot conclude that the tape was before the district judge. There is a transcript of the evidentiary hearing in the record, but it was not filed until after the district court entered judgment.
 
 
 9
 A proper ruling on Fuller's objections required a de novo determination by the district court. Failure to review the transcript or listen to a tape of the hearing in this case would be reversible error. Wimmer, supra, at 76; Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir.1982). We, therefore, remand this case. If the district court did undertake a de novo review of the factual objections raised by Fuller by listening to a tape of the hearing, it should amend its order to reflect that fact. If it did not, it should conduct a de novo review of Fuller's objections by either listening to the tape, if available, or by reviewing the prepared transcript.
 
 
 10
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. A certificate of probable cause to appeal is granted; the judgment of the district court is vacated and the case is remanded for further proceedings.
 
 
 11
 VACATED AND REMANDED.