861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Francis Hunter PRESSLY, Plaintiff-Appellant,
v.
Terrell Don HUTTO, Director, Thomas J. Towberman, Regional
Administrator, N.D. Hall, Regional Ombudman, W.J. Townley,
Superintendent, Unit 23, Ms. Tucker, Nurse, Unit # 23, Sgt.
Smoot, Officer in Charge, Unit # 23, Sgt. Ford, R.R. Overby,
Sgt., Officer in Charge, Unit # 23; Officer Griffith,
Officer Poole, Officer Nichols, Officer Cole, Defendants-Appellees.
 No. 88-7120.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1988.
Decided Sept. 30, 1988.
 
 Francis Hunter Pressly, appellant pro se.
 Nelson H.C. Fisher, Office of Attorney General of Virginia, for appellees.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On remand from this Court, the district court determined in this 42 U.S.C. Sec. 1983 action that a corrections officer, Sgt. Overby, was not responsible for an assault on Francis Pressly that occurred when Pressly was an inmate at the Halifax County Correctional Unit # 23. Pressly appeals that decision. We remand.
 
 
 2
 In Pressly v. Hutto, 816 F.2d 977 (4th Cir.1987), we remanded the case because the parties' versions of the dispositive factual issue conflicted. That issue was whether, following one altercation between Pressly and three other inmates, Pressly told Sgt. Overby that he felt it safe to return to the dormitory where the altercation occurred. It was upon Pressly's return to the dormitory that one of the same inmates hit Pressly's head with a padlock. The panel concluded that if a factfinder accepted Pressly's version of the incident, there might be support for a legal determination that Pressly's injuries resulted from Sgt. Overby's deliberate indifference to a known, specific risk of harm. Id. at 978-79.
 
 
 3
 On remand, the case was referred to a magistrate from an evidentiary hearing. Following the hearing, the magistrate submitted a memorandum report and recommendation. This report included a detailed summary of the evidence presented at the hearing. The magistrate made certain critical credibility determinations against Pressly. On the basis of his factual determinations, the magistrate concluded that Sgt. Overby could not have foreseen the attack on Pressly and that Overby thus did not exhibit deliberate indifference to a known risk of harm to Pressly.
 
 
 4
 Pressly filed timely objections to the magistrate's findings and recommendations. The district court adopted the magistrate's report and entered judgment for the defendants. Pressly appeals.
 
 
 5
 In his objections Pressly challenged the magistrate's recommendation. Although some of his objections may have been general and directed to legal questions, others specifically disputed the magistrate's findings as to credibility of witnesses and called into question the magistrate's conclusions. The magistrate recognized that this case turned on determinations of credibility but found that Pressly lacked credibility. Consequently, the magistrate relied primarily on Overby's testimony in rendering his factual findings.
 
 
 6
 The district court's order adopting the magistrate's report indicates the district judge considered the magistrate's report and recommendation and reviewed the "evidence" and Pressly's objections to the report and recommendation. Although a de novo review of the evidence may be unnecessary when a party fails to file specific objections to proposed factual findings, a review is necessary when specific objections have been filed, as in this case. See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir.1982).
 
 
 7
 We are troubled by one part of the district court's order. The district court did not, at the time of review, have before it a transcript of the hearing. The court's order does not disclose whether the district court made a de novo review of the evidence presented at the hearing by listening to the four tapes of the hearing. The district court could not rely solely on the magistrate's summary of the evidence since "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985) (quoting United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir.1981)).
 
 
 8
 Our review of a district court's de novo review process is perhaps most critical when the district court must assess a magistrate's credibility determinations which a party specifically challenges. This case is one in which the magistrate's recommendation rested almost exclusively on credibility determinations. If its review of the "evidence" did not include listening to the tapes of the hearing, the district court had an incomplete basis for determining the credibility of the witnesses and thus an incomplete basis for adopting the magistrate's recommendation. Failure to listen to the tapes of the hearing in this case thus would be reversible error. Wimmer, supra, at 76; Orpiano, supra, at 48.
 
 
 9
 Since the record before us does not include the tapes of the hearing, we cannot conclude that they were before the district judge. We therefore remand this case. If the district court did undertake a de novo review of the factual objections raised by Pressly by listening to the tapes, then it should amend its order to reflect that fact. If it did not, then it should conduct a de novo review of Pressly's objections by listening to the tapes.
 
 
 10
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The judgment of the district court is vacated and the case is remanded for further proceedings.
 
 
 11
 VACATED AND REMANDED.