872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald TYLER, Petitioner-Appellant,
v.
Michael E. BUMGARNER, Attorney General of North Carolina,
Respondents-Appellees.
 No. 88-7188.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 10, 1989.
Decided March 29, 1989.
 
 Ronald Tyler, appellant pro se.
 Richard Norwood League, Office of the Attorney General, for appellees.
 Before DONALD RUSSELL, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Tyler, a North Carolina inmate, sought a writ of habeas corpus under 28 U.S.C. Sec. 2254 alleging that (1) his guilty plea was involuntarily obtained because his attorney allegedly promised him a 15-year sentence; (2) this advice constituted ineffective assistance of counsel; (3) his attorney intimidated and coerced him into pleading guilty by telling him a lineup identification and his codefendant's confession would convict him; (4) this coercion constituted ineffective assistance of counsel; and (5) the trial court routinely sentenced him to 50 years. The district court adopted the magistrate's recommendations and dismissed contentions three, four, and five, but ordered an evidentiary hearing held regarding contentions one and two. The magistrate held an evidentiary hearing, made findings of fact, and recommended dismissal of the claims. The district court accepted the magistrate's recommendation and dismissed the petition.
 
 
 2
 We affirm the district court's dismissal of Tyler's contentions three and four, that his attorney coerced him into pleading guilty by telling him a lineup identification and a codefendant's confession would convict him and that this coercion amounted to ineffective assistance, and his contention five regarding sentencing.
 
 
 3
 To establish ineffective assistance of counsel after pleading guilty, Tyler must prove that his attorney's performance fell below an objective standard of reasonableness, and that but for the deficient performance, he would have elected to plead not guilty and stand trial. Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984). An attorney would disserve his client's interests by not advising him of the strength of various elements of the prosecution's case, and the district court properly found here that Tyler failed to establish attorney incompetence with regard to the advice concerning the identification and confession evidence. Furthermore, Tyler failed to show that he was prejudiced by counsel's alleged errors, i.e., except for those errors he would not have pled guilty, but would have demanded trial. The district court therefore properly dismissed claims three and four.
 
 
 4
 Although the sentence imposed on Tyler exceeded the presumptive term, the record reveals that it was not imposed routinely or mechanically, but upon a finding that factors in aggravation outweighed factors in mitigation. See N.C.Gen.Stat. Sec. 15A-1340.4(b). The district court correctly found no constitutional error as to claim five.
 
 
 5
 We are troubled by one part of the district court's order adopting the magistrate's recommendation as to claims one and two. That is, the order does not indicate whether the district court conducted a de novo review of the evidence presented at the hearing by reviewing a transcript or a tape of the hearing. The district court could not rely solely on the magistrate's summary of the evidence since "an appellate court must be satisfied that a district judge has exercised his nondelegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendation." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985) (quoting United State v. Elsoffer, 644 F.2d 357, 359 (5th Cir.1981)).
 
 
 6
 In this case the district court's order states that the court "... independently and de novo reviews the magistrate's recommendation, Tyler's objections thereto, and the record ... [and] finds that the magistrate's recommendation is supported by the facts and the law."
 
 
 7
 The record before us does not include a tape recording of the evidentiary hearing, so we cannot conclude that the tape recording was before the district judge. Although there is a transcript of the evidentiary hearing in the record, it was filed after the district court entered judgment. We must therefore conclude that the district court did conduct de novo review from the transcript.
 
 
 8
 A proper ruling on Tyler's contentions that his plea was involuntarily obtained because his attorney allegedly promised him a 15-year sentence and this advice constituted ineffective assistance of counsel required a de novo review by the district court of Tyler's objections to the magistrate's report. 28 U.S.C. Sec. 636(b)(1). Failure to review the transcript or listen to a tape of the hearing in this case would be reversible error. Wimmer, supra, at 76; Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). We therefore remand this case. If the district court did undertake a de novo review of the factual objections raised by Tyler by listening to a tape of the hearing, then it should amend its order to reflect that fact. If it did not, then it should conduct a de novo review of Tyler's objections by either listening to the tape, if available, or by reviewing the prepared transcript.
 
 
 9
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. A certificate of probable cause to appeal is granted. The judgment of the district court is affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.
 
 
 10
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.