907 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clinton I. McDANIEL, Plaintiff-Appellant,
v.
Peggy RHINE; Donald E. Bordenkircher, Warden, West Virginia
Penitentiary, Defendants-Appellees,
and
United States Postal Service, Defendant.
 No. 89-6838.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 14, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (C/A No. 83-167-E)
 Clinton I. McDaniel, appellant pro se.
 Dana Doyle Davis, Assistant Attorney General, Nancy C. Loar, Assistant United States Attorney, Charleston, W.V., for appellees.
 N.D.W.Va.
 REMANDED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clinton McDaniel filed this action pursuant to 42 U.S.C. Sec. 1983, claiming that he was denied his constitutional right to access to the courts when mail room personnel at the West Virginia Penitentiary at Moundsville delayed mailing legal mail to the United States district court, resulting in the dismissal of four civil actions McDaniel had pending in that court. The magistrate held an evidentiary hearing on this claim and recommended judgment be entered in favor of the defendants. After consideration of McDaniel's timely objections to the magistrate's report, the district court accepted the magistrate's recommendation and dismissed McDaniel's complaint.
 
 
 2
 We are unable to tell from the district court's order adopting the magistrate's report whether proper de novo review of the record was conducted. Although the order states that "an independent, de novo review of all matters before it" was conducted, the order does not indicate whether this included de novo review of the evidence presented at the hearing by reviewing a transcript or tape of the hearing. Moreover, the record before us includes neither a tape recording nor a transcript of the evidentiary hearing.
 
 
 3
 Where a magistrate makes factual findings after an evidentiary hearing and a party files specific objections challenging those findings, as was done here, de novo review of the transcript or tape of the hearing must be conducted. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir.1982). Reliance on the magistrate's summary of the evidence is insufficient in this regard. "[A]n appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendation." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985) (quoting United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir.1981) ). Thus, failure to review the transcript or tapes of the hearing in this case would be reversible error. Wimmer v. Cook, 774 F.2d at 76; Orpiano v. Johnson, 687 F.2d at 48.
 
 
 4
 Because we cannot conclude that a transcript or tapes of the evidentiary hearing were before the district court, we must remand this case. If the district court did undertake a de novo review of McDaniel's objections by reviewing the transcript or listening to the tapes, then it should amend its order to reflect this fact. If it did not, it should do so. We deny McDaniel's motion for the appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 5
 REMANDED.