934 F.2d 319
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven M. JOHNSON, Plaintiff-Appellant,
v.
Mr. KNABLE, C/O Ed. Dept., Sgt. Bisser, Defendants-Appellees.
 No. 90-7388.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1991.
Decided May 28, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-88-2123)
 Steven M. Johnson, appellant pro se.
 John Joseph Curran, Jr., Attorney General, Baltimore, Md., for appellee.
 D.Md., [APPEAL AFTER REMAND FROM, 862 F.2d 314]
 VACATED AND REMANDED.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Steven M. Johnson, formerly a prisoner at the Maryland Correctional Institution (MCI) in Hagerstown, Maryland, appeals the district court's award of judgment to the defendants in this 42 U.S.C. Sec. 1983 suit alleging that he was denied a job at MCI in May 1988 solely because he was a homosexual. Because the district court adopted the magistrate judge's report and recommendation without independently reviewing the testimony from the evidentiary hearing upon which the magistrate judge based his report and recommendation, the district court failed to conduct a complete de novo review of the magistrate judge's report and recommendation, as required by 28 U.S.C. Sec. 636(b)(1). Therefore, we vacate the district court's decision and remand for further proceedings consistent with this opinion.
 
 
 2
 This case was previously vacated and remanded by this Court, which held that the district court's 28 U.S.C. Sec. 1915(d) dismissal was inappropriate because Johnson had alleged facts constituting a potentially cognizable equal protection claim. Johnson v. Knable, No. 88-7729 (4th Cir. Sept. 29, 1988) (unpublished). On remand, the district court referred the case to a magistrate judge, who then conducted an evidentiary hearing pursuant to 28 U.S.C. Sec. 636(b)(1). After weighing conflicting testimony adduced at a evidentiary hearing held on May 24, 1990, the magistrate judge recommended that judgment be awarded to the defendants. However, Johnson was not given any notice that, if he did not file objections to the magistrate judge's report and recommendation (report) within 10 days, he would waive his right to have the district court conduct a de novo review of any disputed portions of the report.[1]
 
 
 3
 Johnson then submitted a filing in which he attempted to appeal the magistrate judge's report. The district court construed Johnson's filing as objections to the magistrate judge's report and, after stating that it had not reviewed the transcript of the May 24, 1990 hearing before the magistrate judge because Johnson had not specifically objected to the factual findings contained in the magistrate judge's report, adopted the magistrate judge's report as its own.
 
 
 4
 The district court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. 28 U.S.C. Sec. 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). To conduct proper de novo review when testimony calling into question a witness's credibility is dispositive of a case, the appellate court must be satisfied that the district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate judge's report. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985) (citing United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir.1981)). Once a party properly objects to a magistrate judge's finding, the district court must make a de novo determination of that finding. Taylor v. Farrier, 910 F.2d 518, 521 (8th Cir.1990); Calderon v. Waco Lighthouse for the Blind, 630 F.2d 352, 356 (5th Cir.1980). However, the district court need not conduct de novo review when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 4748 (4th Cir.1982); see United States v. Mertz, 376 U.S. 192, 199 (1964); Pendleton v. Rumsfeld, 628 F.2d 102, 105-106 (D.C.Cir.1980).
 
 
 5
 A pro se litigant must receive fair notification of the consequences of his failure to file objections to the magistrate judge's report before such a procedural default will result in the waiver of his right of appeal. Wright v. Collins, 766 F.2d 841, 846-47 (4th Cir.1985). However, despite the fact that Johnson did not receive fair notification of the consequences of his failure to object to the magistrate judge's report, the district court determined that because Johnson failed to file specific objections, it was not obligated to conduct a de novo review of the testimony of the May 24, 1990 hearing and was only required to review the magistrate judge's report. This was improper. In light of this Court's pronouncement in Wright that a pro se litigant who has not been given fair notice of the consequences of failing to object to the magistrate judge's report should not be deemed to have waived his right to further review of that report, the district court should not have abrogated its responsibility to conduct a de novo review of the magistrate judge's report without first notifying Johnson of the potential consequences of failing to object.
 
 
 6
 Therefore, we vacate the district court's judgment and remand this case to the district court for further proceedings consistent with this opinion. We instruct the district court to either conduct a de novo review of the magistrate judge's report by examining the transcript of the May 24, 1990 hearing, or to notify Johnson, in compliance with 28 U.S.C. Sec. 636(b)(1), that he may file objections to the magistrate judge's report within 10 days of being served with such notice, before reviewing that report. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 [1]
 Johnson was given proper notice (Fed.R.Civ.P. 72) after the magistrate judge issued his initial report and recommendation advising the district court to deny the defendant's summary judgment motion