78 F.3d 578
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles ALLEN, Plaintiff-Appellant,
v.
Edward MURRAY; Richard Young; Robert J. Beck; Ronald Lee
Rose, Correctional Officer, Individually and in Personal
Capacity; R.S. Jackson, Major, Individually and in Personal
Capacity, Defendants-Appellees.
Charles ALLEN, Plaintiff-Appellant,
v.
Edward MURRAY; Richard Young; Robert J. Beck; Ronald Lee
Rose, Correctional Officer, Individually and in Personal
Capacity; R.S. Jackson, Major, Individually and in Personal
Capacity, Defendants-Appellees.
 Nos. 95-6818, 95-6826.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 23, 1996.
Decided March 6, 1996.
 
 Charles Allen, Appellant Pro Se. Pamela Anne Sargent, Assistant Attorney General, Richmond, Virginia, for Appellees.
 Before WILKINS and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In appeal No. 95-6818, Charles Allen, a Virginia prisoner, appeals from the district court's order granting judgment for the Defendants in his action filed under 42 U.S.C. § 1983 (1988), in which he claimed that the Defendants used excessive force against him when they transported him to the hospital for treatment of an existing back injury. The magistrate judge held an evidentiary hearing and recommended granting judgment for the Defendants. After consideration of Allen's timely objections to the magistrate judge's report, the district court adopted the magistrate judge's recommendation and granted judgment for the Defendants.
 
 
 2
 We are unable to tell from the district court's order adopting the magistrate judge's recommendation whether proper de novo review of the record was conducted. Although the order states that the court "reviewed the file, the [m]agistrate [j]udge's report, and [Allen's] objection to that report," the order does not indicate whether this included de novo review of the evidence presented at the hearing by reviewing a transcript or tape of the hearing. Moreover, the record before us includes neither a tape recording nor a transcript of the evidentiary hearing.
 
 
 3
 When a magistrate judge makes factual findings after an evidentiary hearing, and a party files specific objections challenging those findings, as was done here, de novo review of the transcript or tape of the hearing must be conducted. 28 U.S.C.A. § 636(b)(1)(B), (C) (West 1993); Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir.1982). Reliance on the magistrate judge's summary of the evidence is insufficient in this regard. " '[A]n appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations.' " Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir.1985) (quoting United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir.1981)); Orpiano, 687 F.2d at 48 n. 1. Thus, failure to review the transcript or tapes of the hearing in this case would be reversible error. Wimmer, 774 F.2d at 76.
 
 
 4
 Because we cannot conclude that a transcript or tapes of the evidentiary hearing were before the district court, we vacate the district court's order in appeal No. 95-6818 and remand this case for further proceedings. If the district court did undertake a de novo review of Allen's objections by reviewing the transcript or listening to the tapes, then it should amend its order to reflect this fact. If it did not, it should do so.
 
 
 5
 In appeal No. 95-6826, Allen appeals from the district court's order denying his motion for appointment of counsel, which the district court also treated as a motion filed under Fed.R.Civ.P. 59(e). We have reviewed the record and the district court's opinion and find no abuse of discretion. Accordingly, we affirm on the reasoning of the district court. Allen v. Murray, No. CA-93-193-R (W.D.Va. May 8, 1995).
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 No. 95-6818--VACATED AND REMANDED
 No. 95-6826--AFFIRMED