**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES ELLIOTT MCNEIL,
Petitioner-Appellant,

v.

No. 95-7472

PARKER EVATT; ATTORNEY
GENERAL OF THE STATE OF SOUTH
CAROLINA,
Respondents-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Matthew J. Perry, Jr., Senior District Judge.
(CA-95-201-2-OAJ)

Submitted: March 12, 1996

Decided: March 28, 1996

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

James Elliott McNeil, Appellant Pro Se. Donald John Zelenka, Chief
Deputy Attorney General, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

James Elliott McNeil appeals from the district court's order adopting the magistrate judge's report and recommendation and denying McNeil's 28 U.S.C. § 2254 (1988) petition. After reviewing the evidence submitted, the magistrate judge recommended granting Respondents' motion for summary judgment. McNeil was not notified of the consequences of failing to file objections, and he did not object to the recommendation. The district court accepted the magistrate judge's recommendation and denied the § 2254 petition.

Failure to notify the litigant that he may file objections and that failure to file objections waives appellate review may be harmless error if objections were filed or if the district court conducts a de novo review. See Braxton v. Estelle, 641 F.2d 392, 397 (5th Cir. 1981). Here, McNeil did not file objections. Also, we are unable to tell from the order adopting the magistrate's report whether a proper de novo review of the record was conducted. See Orpiano v. Johnson, 687 F.2d 44, 48 (4th Cir. 1982).

The district court may not rely solely upon the magistrate's summary of the evidence because "an appellate court must be satisfied that a district court has exercised his nondelegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendation." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985) (quoting United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir. 1981)).

Because the record does not reveal whether McNeil was notified that failure to object to the magistrate judge's recommendation waives appellate review and because the record does not disclose that the district court conducted a de novo review in the absence of such notice or objections, we grant a certificate of probable cause to

2

appeal, vacate the district court's order, and remand with instructions for the district court to conduct a de novo review or to clarify whether a de novo review was conducted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3