[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10822
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20651-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO BARNES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eduardo Barnes appeals his conviction and sentence of 120 months of imprisonment for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Barnes challenges the denial of his motion to suppress; the admission of an inculpatory statement during his sentencing proceeding; and the procedural reasonableness of his sentence. Barnes also challenges, for the first time, the constitutionality of section 922(g). We affirm.

The district court did not err by denying Barnes's motion to suppress the firearm. Barnes lacked standing to challenge the search of the rental vehicle in which the firearm was found. *See Rakas v. Illinois*, 439 U.S. 128, 134, 99 S. Ct. 421, 425 (1978); *United States v. Lee*, 586 F.3d 859, 864–65 (11th Cir. 2009). The driver of the vehicle, Ricky Taylor, told officers that a man named "Shrimp" loaned the vehicle to him, and neither Taylor nor Barnes were listed as approved drivers on the rental agreement. As a passenger, Barnes had standing to challenge the traffic stop, but the evidence established that the stop was "constitutional [because] it . . . [was] based upon probable cause to believe a traffic violation ha[d] occurred . . . ." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008). Sean Bergert, an officer for the City of Aventura, Florida, stopped the vehicle because Taylor was speeding and made a sharp turn that almost caused the vehicle to collide with Bergert's patrol car. *See* Fla. Stat. § 316.183(1). Barnes fled from the back seat before the rental vehicle came to a stop, and officers noticed a semi-

automatic handgun lying in the accessory pocket of the rear passenger door that Barnes had left ajar. Barnes lacked any expectation of privacy in the vehicle.

The district court fulfilled its obligation to make an independent and informed decision about the lawfulness of the traffic stop. A magistrate judge held a hearing on Barnes's motion to suppress and credited Bergert's testimony about the reasons for the traffic stop. Barnes objected and was entitled to *de novo* review of the decision to rely on Bergert's testimony, *see* Fed. R. Crim. P. 59(b)(3), but the district court was unable to obtain a transcript of the hearing. The district court made a final determination about the validity of the traffic stop when it assessed Bergert's testimony during Barnes's bench trial. *See United States v. Raddatz*, 447 U.S. 667, 680–81, 100 S. Ct. 2406, 2415 (1980). And the district court was entitled to credit Bergert's undisputed explanation that he stopped the driver of the rental vehicle for speeding in violation of Florida law. As stated by the district court, Bergert's "testimony . . . [was] sufficient to support the denial of the motion" to suppress. We are "satisfied that [the] district court . . . exercised his non-delegable authority by considering . . . actual testimony, and not merely by reviewing the magistrate's report and recommendations." *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981).

The district court did not err by adopting the recommendation of the magistrate judge to use Barnes's incriminating statement to determine an

appropriate sentence. Although Barnes's statement was not admissible as substantive evidence of his guilt because he was not advised of his rights to remain silent and to counsel, *see Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), he acknowledged that his "statements [could] be considered at sentencing . . . unless [they] were involuntary or unreliable." The district court reviewed *de novo* the agents' testimony about Barnes's interrogation, *see Diaz v. United States*, 930 F.2d 832, 836 (11th Cir. 1991), and determined that Barnes's statement was "the product of a free and deliberate choice." *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1318 (11th Cir. 2010) (quoting *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141 (1986)).

The district court did not err in denying Barnes's motion to exclude his inculpatory statement at sentencing. Detective Roderick Passmore and Officer Ricardo Martinez, of the Miami Dade Police Department, and Agent David Solis, of the Federal Bureau of Investigation testified, without dispute, that when Passmore asked Barnes about his destination at the time of the traffic stop, he confessed that he was on the way to shoot someone. Passmore and Solis testified that they treated Barnes as a cooperative witness in hopes of obtaining information about gang-related homicides in the area and that, during the interview, which lasted no longer than seven hours, Barnes remained cooperative, articulate, and alert. And Martinez testified that, before Barnes made the inculpatory statement, he

was fed, relocated to a more comfortable conference room, and allowed to speak to a federal agent. *See id.* The agents testified consistently that Barnes was not physically or verbally coerced and, although Solis offered to inform prosecutors about Barnes's cooperation, Solis testified that he did not promise Barnes any reward for cooperating. *See United States v. Thompson*, 422 F.3d 1285, 1295–96 (11th Cir. 2005). And Barnes made his inculpatory statement after refusing to talk to Detective Jonathan Ruiz, which evidenced that Barnes knew he was not required to speak to law enforcement and that he could choose when and with to whom to speak. This record, which establishes that Barnes was well-treated, the interview was relaxed, and Barnes was acting intelligently, supports the determination of the district court that Barnes's statements were "freely and voluntarily given."

Barnes argues, for the first time on appeal, that his statements were inadmissible because he was not timely presented to a magistrate judge, *see* 18 U.S.C. § 3501(c), but this argument fails. To prevail on review for plain error, Barnes must prove that an error occurred and that the error is plain, affects his substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010). Section 3501 provides that a confession is admissible when made voluntarily and "within six hours immediately following arrest or other detention," and is admissible even if made after the expiration of the six-hour deadline, so long

as the delay in presenting him to a judicial officer is "reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer." 18 U.S.C. § 3501(c). Because the record is not developed about exactly how much time elapsed between Barnes's arrest, his confession, and his presentment or about the availability of a judicial officer, we cannot say that any delay in his presentment was unreasonable.

The use of Barnes's inculpatory statements to determine his base offense level did not make his sentence procedurally unreasonable. The district court was allowed to use Barnes's incriminating statement to enhance his sentence. The district court credited the agents' testimony; their testimonies established that Barnes made the statements voluntarily; and Barnes was given advance notice of the evidentiary hearing and had the opportunity to rebut the evidence about the interrogation. *See United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005). Although Passmore testified that Barnes used the word "kill" and Solis recalled that Barnes used the word "shoot," the district court reasonably found that the terms were "internally consistent." In the light of Barnes's statements and his possession of a firearm, the district court did not clearly err in finding that Barnes had armed himself as part of a plot to murder another person. Based on that finding, the district court correctly assigned Barnes a base offense level of 33 based on the cross-references in the Sentencing Guidelines that addressed the

6

possession of a firearm in connection with an attempted murder. *See* United States Sentencing Guidelines Manual §§ 2K2.1(c)(1), 2X1.1(c)(1), 2A2.1(a)(1) (Nov. 2013). Barnes argues that the district court enhanced his sentence based on facts that were not alleged in his indictment or proved to a jury beyond a reasonable doubt, in violation of the Fifth and Sixth Amendments, but the district court was allowed to enhance Barnes's sentence because "its findings [did] not increase [his] sentence beyond the statutory maximum authorized by [the] facts determined in [his] guilty plea," *United States v. Dean*, 487 F.3d 840, 854 (11th Cir. 2007).

Barnes concedes that his argument, made for the first time, about the constitutionality of section 922(g) is foreclosed by precedent. We have held repeatedly that section 922(g) is constitutional, facially and as applied, as a lawful exercise of Congress's power under the Commerce Clause. *See United States v. Scott*, 263 F.3d 1270, 1273 (11th Cir. 2001); *United States v. Dupree*, 258 F.3d 1258, 1259–60 (11th Cir. 2001). "Under [our] prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (internal quotation marks and citation omitted). The district court did not err, plainly or otherwise, when it convicted Barnes of violating section 922(g).

We **AFFIRM** Barnes's conviction and sentence.

7