[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15928
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20329-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DINSEN RICHARD ST-TURBAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2018)

Before WILSON, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Dinsen Richard St-Turbain appeals his conviction for knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). St-Turbain argues that the district court erred in adopting a magistrate judge's report and recommendation (R&R), which recommended that the district court deny St-Turbain's motion to suppress evidence obtained from a traffic stop. He argues that the district court's error came from failing to perform an independent, de novo review of the transcript of the suppression hearing before the magistrate judge. St-Turbain also argues that the district court abused its discretion in admitting his prior conviction for possessing a firearm as a convicted felon under Federal Rule of Evidence 404(b). After careful review, we remand on a limited basis.

A district court judge may "designate a magistrate judge to conduct hearings" on a motion to suppress and to submit to that district judge "proposed findings of fact and recommendations for the disposition" of the motion. 28 U.S.C. § 636(b)(1)(B). Upon receiving such R&R, parties may file written objections. *Id.* § 636(b)(1)(C). If a party has objected to any portion of the R&R, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.* Such de novo review "is essential to the constitutionality of section 636," because the section "allows a magistrate [judge] to take over several functions that are otherwise reserved to Article III judges." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per

2

curiam); *see also United States v. Elsoffer*, 644 F.2d 357, 358–59 (5th Cir. 1981) (per curiam).[1]

We have held that when conducting such de novo review, a district judge must ensure that the record "reflect[s] with certainty that a trial judge actually read the transcript of the hearing before a magistrate [judge] on a motion to suppress, before adopting the magistrate[ judge's] recommendation." *Elsoffer*, 664 F.2d at 358; *see also Jeffrey S.*, 896 F.2d at 513 ("If the magistrate [judge] makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings."); *Wilson v. Cooke*, 814 F.2d 614 (11th Cir. 1987) (per curiam).    Further, "[t]he constitutional safeguards . . . are such that an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate[ judge's] report and recommendations." *Elsoffer*, 644 F.2d at 359.

Here, the district court stated only that it had reviewed the pleadings, the R&R, and the parties' responses.  The transcript of the suppression hearing was not filed until several weeks after the district court adopted the R&R.  Further, the district court stated on the record that it was according total deference to the

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business September 30, 1981, are binding precedent in this circuit).

magistrate judge's credibility findings.  Under these circumstances, the record cannot reflect with certainty that the district court read the transcript of the suppression hearing, as it was required to do.  Accordingly, we retain jurisdiction of this appeal and remand to the district court for the limited purpose of allowing it to review the transcript of St-Turbain's suppression hearing and state whether it would still deny his motion to suppress.  We decline to reach, at this time, whether the district court erred in admitting St-Turbain's prior conviction pursuant to Rule 404(b).

**LIMITED REMAND.**