**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-7005**

LAMONT D. DRAYTON,

Plaintiff - Appellant,

v.

SGT. NEWMAN, Correctional Officer; S. M. SNEAD, Correctional Officer; J. ADAMS, Correctional Officer; LT. H.M. MAY, Correctional Officer,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:22-cv-00574-EKD-JCH)

Submitted:  May 28, 2025                                    Decided:  June 4, 2025

Before KING, WYNN, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Lamont D. Drayton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont D. Drayton appeals the district court's order accepting the magistrate judge's recommendation and granting Defendants' motion for summary judgment in this 42 U.S.C. § 1983 action.[1] The magistrate judge conducted a virtual evidentiary hearing, which was recorded using Zoom rather than having a court reporter present. *Drayton v. Newman*, No. 7:22-cv-00574-EKD-JCH (W.D. Va., PACER No. 111). Although a digital recording of the hearing exists, there is no transcript of the hearing. *Drayton*, PACER No. 118. After reviewing de novo Drayton's timely objections to the magistrate judge's report, the district court adopted the magistrate judge's recommendation and granted summary judgment for the Defendants.

Although the district court confirmed that it had "carefully reviewed de novo Drayton's objections," (E.R. 856),[2] the court's order and the record are unclear as to whether the court reviewed the recording of the evidentiary hearing. Moreover, the record includes neither the recording nor a transcript of the hearing. And the hyperlinks provided in the court's docket entry offer no option to access the recording. *See Drayton*, PACER No. 111.

When a magistrate judge makes factual findings after an evidentiary hearing, and a party files specific objections challenging those findings, the district court must review

---

[1] We grant Drayton's motion to review documents in the record before us but deny his motion to correct docket entries.

[2] "E.R." refers to the electronic record filed in this appeal.

de novo the transcript or recording of the hearing.  28 U.S.C. § 636(b)(1); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).  Indeed, we "must be satisfied that a district judge has exercised [their] non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate[ judge]'s report and recommendations."  *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985) (quoting *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981)); *Orpiano*, 687 F.2d at 48 n.1.  A district court's failure to review de novo the transcript or recording of the hearing is reversible error.[3]  *Wimmer*, 774 F.2d at 76.  And we may not "substitute fact finding at the appellate level for fact-finding at the trial level." *Id.*

Because we cannot determine from the present record whether the district court reviewed a recording of the evidentiary hearing, we vacate the district court's order and remand this case for further proceedings.  *See, e.g.*, *Allen v. Murray*, 78 F.3d 578, 1996 WL 95915, at *1 (4th Cir. 1996) (unpublished table decision); *McDaniel v. Rhine*, 907 F.2d 1138, 1990 WL 86036, at *1 (4th Cir. 1990) (unpublished table decision); *Pressly v. Hutto*, 861 F.2d 265, 1988 WL 105431, at *1–2 (4th Cir. 1988) (unpublished table decision).  "If the district court did undertake a de novo review of [Drayton]'s objections by" watching the recording of the hearing, "then it should amend its order to reflect this fact."  *Allen*,

---

[3] In limited circumstances, de novo review is not required: (1) when objections are untimely filed; (2) when objections raise only "strictly legal issues . . . and no factual issues are challenged"; and (3) "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate[ judge]'s proposed findings and recommendations." *Orpiano*, 687 F.2d at 47.  None of these exceptions apply here.

1996 WL 95915, at *1. If the court did not review the recording of the hearing, then "it should do so." *Id.*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*