UNITED STATES of America,
Plaintiff-Appellee,

v.

Jeffery Todd MARSHALL and Louis
James Sterrenberg,
Defendants-Appellants.

No. 78–5664.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1980.

Peter F. K. Baraban, Joseph Minceberg, Miami, Fla., for Marshall.

A. Raymond Randolph, Jr., Washington, D. C., for Sterrenberg.

Jack V. Eskenazi, U. S. Atty., Kevin M. Moore, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, Chief Judge, TJO-FLAT and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellants Marshall and Sterrenberg were each convicted of one count of possession of marijuana with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1). At this stage of the appeal we need only decide whether the district judge erred in denying defendants' motion to suppress evidence after the magistrate had conducted a suppression hearing and recommended granting defendants' motion, and when the district judge neither conducted a hearing on the motion nor consulted the transcript of the magistrate's hearing before he ruled.

Appellants were aboard the vessel "Yella Bird" when customs officers boarded it. The officers on the vessel then seized a substance later identified as marijuana. On February 7, 1978, defendant Sterrenberg filed a motion to suppress this evidence accompanied by a statement of facts and memorandum of law. Record, vol. 1, at 29.* Evidence presented at the hearing before the magistrate on February 21, 1978 consisted of testimony of three witnesses for the government: Customs Patrol Officers Collins and Wein (whose name appears as "Wayne" in the transcript of this hearing) and Agent Henderson of the Drug Enforcement Administration. Wein and Collins testified about events preceding and following the time that they, along with fellow Officer Weber, boarded the "Yella Bird." Henderson testified that he took custody of this seized evidence two days after the seizure. On February 23, 1978 the government filed its response to defendants' motion to suppress. The response contained a statement of facts and recommendations of law. Record, vol. 1 at 56.

On February 24, 1978 the magistrate filed his report and recommendation, containing findings of fact and conclusions of law, and recommending that defendants' motion be granted. In this report the magistrate found that the customs officers lacked a

reasonable suspicion both for the boarding and for the search and seizure. He implied fairly clearly that he did not find that defendants consented to the boarding and he explicitly concluded that even assuming *arguendo* that the boarding was lawful, the plain view theory did not apply to later events.

On March 1, 1978 the government filed its written objections to the proposed findings and recommendations of the magistrate (which it called a petition on appeal of the magistrate's ruling) which contained further references to fact and law and requested that the district court deny defendants' motion

> [o]n the basis of the facts presented at the Motion to Suppress together with the Government's memorandum of law filed therein as well as the present memorandum . .. .."

Record, vol. 1, at 71, 77.

The district judge denied defendants' motion to suppress on June 14, 1978. In his order the judge found that the seizure fell within the plain view doctrine and that the defendants had consented to the initial boarding. He conducted no hearing on the motion and could not then have reviewed the transcript of the hearing before the magistrate as that transcript was not prepared until August 4, 1978. Record, vol. 2, at 52. Neither in its brief nor at oral argument did the government assert that when the district judge denied defendants' motion he had any version of the evidence presented at the hearing before the magistrate. At most, then, the judge based his order on the magistrate's report and upon the parties' motions containing recitals of facts and legal authority.

Defendant Sterrenberg petitioned the district court to rehear and otherwise reconsider the motion to suppress on July 24, 1978. In this petition the defendant stated that the district court entered its order without the benefit of hearing live testimony and without anything before it other than the findings of fact contained in the

---

* On February 24, 1978 the magistrate granted defendant Marshall's motion to adopt all mo-

tions filed on behalf of co-defendant Sterrenberg. Record, vol. 1, at 70.

magistrate's report. Record, vol. 1, at 99. Defendant also offered the grand jury testimony of Agent Collins which he had obtained on July 19, 1978 and asserted that this testimony had a material bearing on the issue of consent. On July 26, 1978 and August 9, 1978 the district judge denied the petitions to rehear of defendant Sterrenberg and Marshall respectively. Record, vol. 1, at 109, 110.

Evidence presented at defendants' nonjury trial on September 5, 1978 consisted of testimony of Agent Wein and three exhibits—the transcript of the suppression hearing before the magistrate, the grand jury testimony of Agent Collins, and a government chemist's report on the substance seized. It is clear from the record that the purpose of this trial for the defendants was to preserve for appeal the issue of denial of their motion to suppress. At the close of the evidence defendant Sterrenberg urged the court to reconsider the motion to suppress "with the additional grounds that the agents were obligated to secure a search warrant for the vessel, the YELLA BIRD, once it had been taken back to the Customs docks . . . ." Record, vol. 3, at 58–59. The judge responded with some brief remarks on that issue, stated that

> These matters that have been ruled upon heretofore, the Court adheres to the ruling, and denies the renewed motion to suppress,

and immediately found both defendants guilty. Record, vol. 3, at 59–60. The record does not suggest that at this stage of the proceedings the district judge considered anew the motion to suppress. We cannot conclude that the act of handing the transcript of the hearing before the magistrate to the court produced a record on which the district judge, after considering that transcript, reversed the magistrate. At trial a record consisting of testimony, transcripts, and an exhibit was admirably compiled. The trial transcript indicates, however, that this record was compiled so that the Court of Appeals for the Fifth Circuit could make the first determination *on that record.* For the reasons set forth below, we find that the district judge

should have but did not base his order denying defendants' motion to suppress on a proper record.

A panel of this court recently held that a defendant's due process rights are not violated when a district judge refers a motion to suppress to a magistrate, reviews the record of the hearing before the magistrate, and adopts the magistrate's recommendation. *United States v. Whitmire,* 595 F.2d 1303, 1305 (5th Cir. 1979). The court noted that 28 U.S.C.A. § 636(b)(1) specifically provides that a district judge may designate a magistrate to conduct an evidentiary hearing on a motion to suppress and to recommend disposition of the motion, and provides for procedures to safeguard the integrity of the factfinding process and to ensure that the district judge retains final responsibility for ruling on the motion, citing the portion of subsection 636(b)(1) that provides:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions. *Id.*

The court held that at least where the district judge adopts a magistrate's recommendation, he need not actually hear relevant testimony. The court noted that

> "[a]fter giving counsel an opportunity to object to the magistrate's conclusions *and reviewing the record,* the district judge adopted those findings and recommendations. The magistrate had a first-hand look at the witnesses and appraised their credibility. The trial judge retained the power to hear additional testimony or the same testimony all over again if he decided that would be beneficial in determining the motion.

.     .     .     .     .

Indeed, the factfinding process may be improved by the referral practice. In making a final determination, the district court has the benefit of a carefully developed record, a magistrate's thoughtful consideration of the issues, and argument of counsel regarding specifics not agreeable to the parties. *Id.* (emphasis added).

The court noted that in *United States v. Bergera*, 512 F.2d 391, 392 (9th Cir. 1975), the Court of Appeals for the Ninth Circuit held that the district court cannot enter an order inconsistent with the recommendations of the magistrate without itself hearing the evidence on the motion to suppress, but stated that "[w]hatever the merits of such a rule in instances where a district court chooses to ignore a magistrate's recommendations," it would not apply where the judge adopted the recommendations, 595 F.2d at 1305. The Court of Appeals for the Seventh Circuit has held that even where the district judge adopts the magistrate's recommendation, Article III and the due process clause of the Constitution require the district court to hold a hearing on contested issues of fact in a criminal case where credibility is crucial to the outcome. *United States v. Raddatz*, 592 F.2d 976 (7th Cir. 1979).

■ The pattern of precedents then on this suppression issue in this and other circuits is as follows: In this circuit a district judge who reviews the record of the hearing before the magistrate and adopts the magistrate's recommendations need not conduct a new hearing. In the Ninth Circuit a district judge may not enter an order inconsistent with the recommendations of the magistrate without himself hearing evidence on the motion. In the Seventh Circuit a district court "cannot constitutionally exercise its discretion to refuse to hold a hearing on *contested issues of fact* in a criminal case *where credibility is crucial to the outcome,*" *United States v. Raddatz, supra* at 986 (emphasis added).

■ We hold that the district judge erred in rejecting the recommendation of the magistrate without *at least* consulting the transcript of the hearing before the magistrate. · We are not here presented with a situation where a district judge reviewed such a transcript and rejected a magistrate's recommendation and we express no opinion on whether ruling on the transcript alone and rejecting the magistrate's recommendation would be proper. On remand the district judge, after consulting all evidence now available that he finds pertinent to defendants' motion, may conclude that his order was incorrect. In such event, *Whitmire* would apply and he would not be required to hear live testimony. Because it is the district judge, and not this court, who should make the initial ruling on a motion to suppress *based on a proper record*, we decline now to decide how we would rule if the district judge had made the initial decision on the record and that decision had been to reject the magistrate's recommendation and to deny the motion.

■ We do, however, offer the following observations. We recognize that by the close of proceedings in the district court the district judge had heard the testimony of one of the three witnesses who appeared before the magistrate. There appear to be certain credibility choices to be made in this case. As appellants have noted, the three transcripts (of the grand jury proceedings, the hearing before the magistrate, and trial) indicate that the exchange of conversation between the occupants of the customs patrol boat and the "Yella Bird" just prior to the boarding is in some dispute. Brief for Appellant, at 10–15. The agents' purpose in boarding and their actions and reasons therefor may also involve credibility issues. In our view it would be a rare case in which a district judge could resolve credibility choices contrary to the recommendations of the magistrate without himself having had an opportunity to see and hear the witnesses testify. Certainly, in such a rare case there should be found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis should be articulated by the district judge.

On remand, the district judge should consult the transcript of the hearing before the magistrate and other relevant evidence to the extent necessary to rule on the motion and should afford counsel for both sides the opportunity to point out, by memorandum or brief, whatever in the evidence each deems important to the judge's ruling. Once he has ascertained the facts, the district judge should of course then apply the law of this circuit to them and in this regard the district judge's attention is called to the following cases that have been decided since he first ruled on defendants' motion to suppress. *United States v. Castro*, 596 F.2d 674 (5th Cir. 1979); *United States v. Kleinschmidt*, 596 F.2d 133 (5th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979); *United States v. Whitaker*, 592 F.2d 826 (5th Cir. 1979); *United States v. Whitmire*, 595 F.2d 1303 (5th Cir. 1979); *United States v. Freeman*, 579 F.2d 942 (5th Cir. 1978).

The verdict is vacated and the case is remanded to the district judge to consider all pertinent evidence now available on the motion to suppress including the transcripts of testimony at the hearing before the magistrate, Agent Collins' testimony before the grand jury, and trial testimony. After conducting whatever proceedings he finds helpful, the district judge should enter up a well-founded order on the motion to suppress. If he grants the motion, he should enter final judgment accordingly. If he denies the motion he should reinstate the verdicts and judgments herein vacated and the record should be returned to this court for resubmission to this panel for further review.

REVERSED and REMANDED.