OPINION
Appellant Susan LeBeau appeals the decision of the Court of Common Pleas, Stark County, Family Court Division, which overruled and held for naught a magistrate's decision granting a domestic violence civil protection order against Appellee Mark LeBeau. The relevant facts leading to this appeal are as follows.
Appellant ("Susan") and Appellee ("Mark") were married in 1989. On February 6, 2001, Mark filed a complaint for divorce against Susan. As a result thereof, the trial court granted a mutual standard restraining order. On January 30, 2001, shortly before Mark's filing of the divorce action, Susan filed a petition for a domestic violence civil protection order ("CPO"), pursuant to R.C. 3113.31. A full hearing on the CPO petition was set for February 12, 2001, before a magistrate. At said hearing, both parties testified, as did Susan's therapist. The magistrate issued a civil protection order on the day of the hearing. Mark filed objections thereto, pursuant to Civ.R. 53. Following oral arguments before the trial judge, the trial court sustained Mark's objections and dismissed the civil protection order. The trial court's entry, filed March 6, 2001, reads in pertinent part as follows:
* * *
 The court has had the opportunity to review the entire record including the record of proceedings in this matter.
 The plaintiff did not sustain her burden of proof that the Magistrate's order should have been issued.
 There are 2 other cases, JU 111536 wherein there is a NO CONTACT ORDER, and 2001DR00184 wherein there exists a standard restraining order.
On March 30, it 2001, Susan filed a notice of appeal. She herein raises the following two Assignments of Error:
 I. THE LOWER COURT ERRED BY SUSTAINING THE RESPONDENT'S OBJECTION AND DISMISSING THE CIVIL PROTECTION ORDER, ON THE BASIS THAT THERE WERE EXISTING RESTRAINING AND NO CONTACT ORDERS.
 II. THE LOWER COURT ABUSED ITS DISCRETION BY SUSTAINING THE RESPONDENT'S OBJECTION AND DISMISSING THE CIVIL PROTECTION ORDER.
 I
In her First Assignment of Error, appellant cites as error the court's rejection of the magistrate's recommendation to grant a civil protection order, where said rejection allegedly was based on the rationale that other "no-contact" orders already existed. We disagree with appellant's position.
In Felton v. Felton (Ohio 1997), 79 Ohio St.3d 34, paragraph one of the syllabus, the Ohio Supreme Court held: "A court is not precluded by statute or public policy reasons from issuing a protection order pursuant to Ohio's civil domestic violence statute, R.C. 3113.31, where the parties' dissolution or divorce decree already prohibits the parties from harassing each other." Appellant cites Felton in support of her argument, further adding that the no-contact order in case JU111536 "only restricts contact between the Respondent [Mark] and the children and does not protect the Petitioner [Susan]." Appellant's Brief at 3.
Clearly, Ohio's civil domestic violence statutory scheme provides remedies which are specifically "in addition to, and not in lieu of, any other available civil or criminal remedies." See R.C. 3113.31(G). However, we find the trial court in the case sub judice did not base its denial of the CPO solely on the fact that other remedies were already in place; rather, as further discussed infra, it reviewed the record of the proceedings before the magistrate and concluded that appellant had not met her burden of proof to warrant the issuance of a CPO.
Therefore, we are unpersuaded that the trial judge denied appellant's CPO petition in contravention of paragraph one of the syllabus ofFelton. Appellant's First Assignment of Error is overruled.
 II
In her Second Assignment of Error, appellant contends that the trial court abused its discretion in sustaining appellee's Civ.R. 53 objection and denying the CPO. We disagree.
A person seeking a civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence.Felton, supra. A judgment supported by competent and credible evidence going to all the elements of the case must not be reversed, by a reviewing court as being against the manifest weight of the evidence.Masitto v. Masitto (1986), 22 Ohio St.3d 63. Domestic violence is defined by R.C. 3113.31, and includes attempting to cause or recklessly causing a family or household member bodily injury, or placing that person by threat of force in fear of imminent serious physical harm. During the magistrate's proceedings in the case sub judice, Susan testified regarding several alleged domestic violence incidents. She first recalled a 1996 confrontation in which Mark grabbed her by the arm and pushed her into a chair, causing her to suffer back pain for two days. Tr. at 14. She testified to five instances, between 1998 and 2000, of Mark forcing her to have sex. Tr. at 15-16. In January 2001, according to Susan, Mark verbally threatened to "come out and find [her]" if she were to change the locks on the house, which Susan interpreted as a threat to kill her. Tr. at 11. Susan also spoke in general terms of Mark's history of threatening, hitting, fighting, pushing, and hair-pulling when angered. Tr. at 10-11. Additionally, therapist Jennifer Teutsch took the stand and opined that Susan was in fear of Mark. Tr. at 36.
In regard to the parties' four children, Susan testified that Mark used a paddle for physical discipline, and generally treated them "hard." Tr. at 16. She specifically recalled an incident at a grocery store in late 1999, during which Mark pulled the hair of Julie, the parties' oldest daughter. Tr. 17. Susan reported that the Department of Job and Family Services had been investigating allegations involving the children. Tr. at 18.
Mark took the stand during the evidentiary hearing and responded to Susan's testimony. He recounted incidents of striking Susan on the buttocks "as a prank," but denied ever hitting her as a result of an argument. Tr. at 44. He claimed his statements regarding changing the locks were to emphasize that he did not want to pay for those services.Id. He defended his treatment of the children based on his advocacy of corporal punishment. Tr. at 50.[1]
A trial court has great discretion in determining whether to overrule or sustain an objection to a magistrate's decision. Remmer v. Peshek
(Sept. 30, 1999), Mahoning App. No. 97-CA-98, unreported. The decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision was an abuse of discretion. Wade v. Wade
(1996), 113 Ohio App.3d 414, 419. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. InFelton, supra, the Ohio Supreme Court noted that "[t]he General Assembly enacted the domestic violence statutes specifically to criminalize those activities commonly known as domestic violence and to authorize a court to issue protection orders designed to ensure the safety and protection of a complainant in a domestic violence case." Id. at 37, citing Ohio Legislative Service Commission, Summary of 1978 Enactments, June December (1979), at 9-14; Legislative Service Commission Analysis of Sub. H.B. No. 835 as reported by Senate Judiciary Committee (1978), at 2 and 7 (Comment A); Legislative Service Commission Analysis of Am. Sub. H.B. No. 835 as enacted (1978), at 1 and 2. Thus, the parameters of the trial court's discretion must encompass the determination of whether a CPO is actually necessary to ensure the complainant's protection. As appellee points out, all of the pertinent allegations herein, except the incidents tied to the dispute over the door locks, took place prior to 2001, and the parties no longer live under the same roof. We are cognizant that R.C. 3113.13 provides no specific time restrictions for bringing allegations to the court in petitioning for a protective order (see Hoffv. Brown (July 30, 2001), Stark App. No. 2000CA00315, unreported), and that relief may be granted under the statute even if the victim has merely cohabited with the perpetrator within five years prior to the date of the alleged acts. R.C. 3113.31(A)(4). However, after full review, we fail to find an abuse of discretion in the trial court's conclusion that a CPO was unwarranted under the facts presented.
Lastly, appellant implicitly challenges the practice of a trial judge reversing a magistrate's decision merely based " * * * upon hearing brief oral arguments and reading a cold record of the full hearing in front of the [m]agistrate * * *." Appellant's Brief at 7 In State v. Awan
(1986), 22 Ohio St.3d 120, 123, the Ohio Supreme Court noted the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact, and an appellate court may not substitute its judgment for that of the fact finder. Appellant argues that the magistrate, not the trial judge, was in a better position to observe the witnesses herein. Appellant cites no specific authority in support of her theory, but our research indicates that federal courts have struggled with similar arguments pursuant to the Federal Rules. In United Statesv. Marshall (C. A. 5, 1980), 609 F.2d 152, for example, the court observed that "it would be a rare case in which a district judge could resolve credibility choices contrary to the recommendations of the magistrate without himself having had an opportunity to see and hear the witness testify." Id. at 155. Nonetheless, as a general rule, an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207. A review of the proceedings of the objection hearing of March 5, 2001, reveals that neither party requested a more extensive hearing than what occurred, i.e., arguments of counsel followed by the judge's review of the transcript. Therefore, we need not further analyze this issue.
Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: WISE, J., GWIN, P. J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Costs to appellant.
[1] Mark was not asked on either direct or cross to respond specifically to the hair-pulling incident.