DUNCAN, Circuit Judge,
dissenting:
I thank Judge Gregory for his fine opinion, but cannot agree that the district court’s order may be affirmed. I believe it would be more appropriate to remand than to resolve ambiguities and infer factual underpinnings from a record that is, at best, equivocal. Therefore, I respectfully dissent.
This appeal arises following the denial of Johnson’s motion to suppress a firearm seized from his car after a warrantless search of his vehicle at the conclusion of a sting operation. It is undisputed that at the suppression hearing, two officers testified that Johnson consented to a search of his car (although they failed to memorialize the fact), and that Johnson denied giving consent. Additionally, although both officers claimed to have inspected the car’s interior by looking through its windows, only one (Trooper Bean), indicated seeing a firearm in plain view. The magistrate judge recommended denying Johnson’s motion, stating that while “the Court is not satisfied that the defendant gave consent to search the vehicle,” J.A. 107, the search was justifiable under the “automobile exception”; the magistrate judge made no mention of Trooper Bean’s contention that the firearm was in plain view. The district court adopted the magistrate judge’s recommendation for different reasons, stating that”[a] review of the hearing indicates that the government proved the defendant’s consent by a preponderance of the evidence,” and that “there was probable cause to search the vehicle based upon what law enforcement saw while making the exterior and interior videos of the drug transaction given the exigent circumstances presented.” J.A. 160.
As part of its conclusion that the denial of Johnson’s motion to suppress may be affirmed under the district court’s seemingly independent “plain view” theory, the majority reconciles the differing assessments of the suppression hearing by stating that “we find nothing to suggest that the magistrate judge or district court questioned the credibility of State Trooper Bean.” Ante at 327-28. Without addressing the extent to which an adverse credibility determination regarding Trooper Bean would undermine its “plain view” analysis, the majority asserts that
[t]he fact that State Trooper Bean’s testimony did not convince the magistrate judge that Johnson consented to the *330 search of his automobile does not mean that the magistrate judge doubted his credibility. Rather, it simply means that the magistrate judge concluded that [his] testimony, when considered in light of the fact that Johnson denied consenting to the search ... was insufficient to establish by a preponderance of the evidence that Johnson consented to the search.
Ante at 331 n. 2 (emphasis added). This assertion is questionable, for two reasons.
The first is that the magistrate judge said nothing of the kind. In fact, the government believed that the magistrate judge made a credibility determination, and objected to it. R. 33 at 2. To avoid this issue, the majority must resolve a latent ambiguity in the opinions that, as explored below, is itself an arguable basis for remand.
Under Federal Rule of Criminal Procedure 12(d), a district court in resolving a pre-trial motion “must state its essential findings on the record” (emphasis added). Effectively, this mandate requires a district couid. to “make enough findings to enable us to review the record in a reasoned and meaningful manner.” United States v. Fields, 371 F.3d 910, 916 (7th Cir.2004) (internal quotations omitted). However, a district court’s failure “to state the factual findings underlying its decision on a motion to suppress does not necessitate a remand” where “any reasonable view of the evidence supports [the district court’s decision].” United States v. Bloomfield, 40 F.3d 910, 913 (8th Cir.1994) (en banc) (internal quotations omitted, alteration in original) (collecting cases); accord United States v. Bethea, 598 F.2d 331, 333-34 (4th Cir.1979) (“When ... a district court denies a motion to suppress evidence, without making or being requested to make findings of fact, the result will be upheld on appeal if any reasonable view of the evidence, looked at in the light most favorable to the government, will sustain the denial.” (emphasis added)).
Although the majority’s approach appears to be in keeping with an application of the “any reasonable view of the evidence” standard, several circuits have limited the circumstances in which it is appropriate for the reviewing court to reconstruct the lower court’s reasoning (or lack thereof). For example, in remanding a denial of suppression despite the “any reasonable view of the evidence” standard, the Seventh Circuit noted that
this is not a case where the district court failed to make any findings of fact. Cf. Bethea, 598 F.2d at 333-34 (using “any reasonable view of the evidence” standard where district court did not make any findings of fact); [United States v. Smith, 543 F.2d 1141, 1145 (5th Cir. 1976) ] (same). Nor does it present a situation where the record supports only one conclusion, cf. United States v. Johnson, 212 F.3d 1313, 1316 (D.C.Cir. 2000) (finding “any reasonable view of the evidence” supported suppression where testimony was uncontroverted), or where the district court’s assessment of credibility is clear, e.g., United States v. Griffin, 7 F.3d 1512, 1516 (10th Cir. 1993) (finding “any reasonable view of the evidence” supported suppression where district court stated government’s evidence was credible and defendant’s was not).
Fields, 371 F.3d at 917 n. 5 (emphasis added).[1] Here, it is undisputed that of the *331 two officers that contradicted Johnson’s consent testimony, only one reported seeing a firearm during his inspection. The majority attempts to account for this discrepancy in the officers’ testimony by suggesting that it is “entirely possible” that the second officer’s view of the firearm was blocked by Johnson’s personal effects. Ante at 328. However, this assumption finds at best equivocal support in the record and is not addressed in either of the opinions below. Because the majority’s opinion resolves against Johnson underlying factual issues, such as whether the officers inspected the interior of his vehicle from the same vantage points, I cannot endorse its “plain view” analysis.
Second, the majority’s analysis implicates a separate consideration that it is structured to avoid: whether the district court supplanted a credibility determination by the magistrate judge without the benefit of having heard all the relevant testimony firsthand. The majority’s effort to reconstruct the district court’s unspoken or ambiguous reasoning under an apparent “any reasonable view of the evidence” standard of review would be appropriate had the district court stated that “the Government’s evidence was credible and [the] defendant’s was not.” Griffin, 7 F.3d at 1516. However, the district court made no such finding, offering only the mixed conclusion of fact and law that its “review of the hearing indicates that the government proved the defendant’s consent by a preponderance of the evidence.” J.A. 160.[2] If the majority deems it improper to infer a credibility determination in a similar statement by the magistrate judge, it appears incongruous for it to do so when presented with a similarly conclusory statement by the district court. As a result, an essential predicate for the majority’s apparent review of the district court’s suppression order under the “any reasonable view of the evidence” standard is missing.
The reason for its absence is clear. If we are to infer that the conclusions of the magistrate judge and district court rest on credibility determinations, it would be erroneous for the district court to supplant the magistrate judge’s assessment with his own without holding a second evidentiary hearing. I recognize that, as a general matter, a district court need not hold an evidentiary hearing in order to conduct a de novo review of any issue in a magistrate judge’s report to which a party objects. See, e.g., Peretz v. United States, 501 U.S. 923, 938-39, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). However, while holding that motions to suppress could be referred to magistrate judges (provided that district courts conduct a de novo review if requested by either party) in United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the Court noted that
we assume it is unlikely that a district judge would reject a magistrate’s proposed findings on credibility when those findings are dispositive and substitute the judge’s own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions which we do not reach.
447 U.S. at 681 n. 7, 100 S.Ct. 2406. Courts have disagreed over whether a second hearing is required when a district court reaches a conclusion that contradicts a magistrate judge’s credibility determination. See United States v. Marshall, 609 F.2d 152, 155 (5th Cir.1980) (recognizing the possibility of a “rare case” in which there is in the transcript of the suppression hearing “an articulable basis for re *332 jecting the magistrate’s original resolution of credibility and that basis [is] articulated by the district judge ” (emphasis added)).[3] Nevertheless, the courts of appeals directly confronted with a district court’s decision to supplant its own credibility determination for the magistrate judge’s without first rehearing the disputed testimony have uniformly indicated that such a decision constitutes reversible error. See United States v. Ridgway, 300 F.3d 1153, 1157 (9th Cir.2002); United States v. Cofield, 272 F.3d 1303, 1305-06 (11th Cir. 2001); Cullen v. United States, 194 F.3d 401, 407 (2d Cir.1999); Hill v. Beyer, 62 F.3d 474, 482 (3d Cir.1995); Louis v. Blackburn, 630 F.2d 1105, 1109-10 (5th Cir.1980). Thus, the district court could not have properly made a credibility determination that would allow this court to conduct an “any reasonable view of the evidence” review without giving rise to an independent error.
As indicated above, the majority opinion attempts to avoid this issue by concluding that the magistrate judge did not make a credibility determination to supplant. However, the government disagrees, and so do I. Although it is possible to interpret the magistrate judge’s statement that he was “not satisfied that the defendant gave consent to search the vehicle,” J.A. 107, in the way the majority does, when considered in context, it seems clear that the magistrate judge made a credibility determination, as he found the defendant’s testimony outweighed the uncorroborated but consistent testimony of two officers. The government understood the magistrate judge’s conclusion to subsume an assessment of the officers’ credibility,[4] and I agree.
Ultimately, while the majority’s carefully crafted opinion appears to successfully skirt the district court’s apparent error in supplanting the magistrate judge’s credibility determination with its own, in so doing the opinion crystalizes the difficulty flowing from the ambiguous language used by the magistrate judge and the district court’s blanket assertion of legal conclusions without making any underlying factual findings. In such cases, a remand for further factfinding seems appropriate, as the district court is in a “far better position to address ambiguities ... as well as questions of credibility and character assessment” than a court of appeals. United States v. Talkington, 843 F.2d 1041, 1049 (7th Cir.1988).

. See also United States v. Dale, 991 F.2d 819, 840 (D.C.Cir. 1993) (reviewing the district court’s findings after having remanded "because we did not know which of three separate legal theories advanced by the government the district court had adopted and what facts, if any, it relied on to support its chosen theory ” (emphasis added)).

. See also United States v. Carter, 300 F.3d 415, 423 (4th Cir.2002) (noting that whether valid consent to a search has been established is a mixed question of fact and law).

. See also Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1045 (2d Cir.1992) (rejecting contention that “before a district court may reject credibility findings of a magistrate judge it must recall witnesses and hear and observe them itself” in part because "the rejection of the magistrate judge’s conclusion by the district court was not based on witness credibility”).

. See Appellee’s Br. at 11-13; R. 33 at 2 (limited objection to magistrate judge's recommendation) ("The United States believes that the credibility of the two officers is unquestioned. ... Thus, the United States submits that the testimony of [] Trooper Bean and Cpl. Snyder should have been more than satisfactory to the Magistrate Judge and the United States objects to any suggestion to the contrary. ”).